### PLANNED FURNITURE PROMOTIONS, INC.
Plaintiff,

v.

### BENJAMIN S. YOUNGBLOOD, INC., d/b/a Honey Creek Home Furnishings; Benjamin S. Youngblood; Laura Youngblood; Citizens Bank of Fort Valley, Georgia; United States Internal Revenue Service; State of Georgia Department of Revenue Defendants.

No. 5:03–CV–20–4.

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 16, 2004.

William L. Rotchschild, Atlanta, GA, for Plaintiff.

J. Wayne Moulton, Kristine R. Tarrer, Conyers, GA, James M. Elliott, Jr., Hubert C. Lovein, Jr., Macon, GA, Maggie O'Shaughnessy, Frank M. Dale, Jr., U.S. Department of Justice, Washington, DC, for Defendants.

### ORDER

FITZPATRICK, District Judge.

This is a removed interpleader action in which Plaintiff Planned Furniture Promotions ("PFP") has money due to Benja-

min S. Youngblood, Inc. and there are competing claims for that money. Before the Court is Defendant Georgia Department of Revenue's Motion for Summary Judgment (tab # 25).

## I. STANDARD OF REVIEW

The Supreme Court has observed, "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Under Rule 56, summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the non-moving party, but the court may not make credibility determinations or weigh the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II. FACTUAL BACKGROUND

The Court realizes this is a complicated factually scenario and will now attempt to outline the relationships between Plaintiff and Defendants. Defendant Citizens Bank of Fort Valley, Georgia ("Citizens Bank") loaned money to Benjamin S. Youngblood and Laura B. Youngblood on February 4, 1999 for $550,000. The loan agreement was later modified on July 9, 2001 to $474,872.93. This loan was to help establish the Youngblood's business, Honey

Creek Furnishings ("HCF"). In operating HCF, Benjamin Youngblood was not paying state sales tax to Defendant Georgia Department of Revenue ("GDR") for the period from June 1, 2000 to February 28, 2002, which resulted in a $234,675.00 delinquent sales tax bill. Additionally, HCF owed employer taxes to the United States Internal Revenue Service ("IRS") totaling at least $107, 744.02.

In an attempt to remedy the financial problems it faced, on March 1, 2002 HCF entered into a Sales Promotion Consulting Agreement with PFP whereby PFP would liquidate HCF's inventory. Thereafter on March 13, 2002, HCF directed PFP to deliver the payments due to HCF as the proceeds of the sale to Defendant Citizens Bank as payment towards the amount due on the earlier loan. Then on December 20, 2002 Citizens Bank entered into an agreement with John and Susan Bedingfield, parents of Laura Youngblood, for the Bedingfields to assume the debt of the Youngbloods, which totaled $278,751.15. In exchange for this assumption of debt, Citizens Bank assigned all their rights and interests to the Bedingfields. However, the Bedingfields have not been included in Plaintiff's complaint.

After the sale, PFP paid $58,391.65 into the Registry of the Court. This amount represents $38,814.78 in sale proceeds and $19,576.87 in Owner's Commissions. Competing for the funds are the GDR, who seeks back sales taxes, the IRS, who seeks back employer taxes, and John and Susan Bedingfiled, as assignee of Defendant Citizens Bank, which was assigned Benjamin and Laura Youngblood's interest by the March 13, 2002 agreement.

## III. DISCUSSION

As PFP has already paid into the Court's Registry the monies it owes, this is an interpleader action where the live controversy is between Defendants' interests. *See* Fed.R.Civ.P. 22 (West 2004). The Eleventh Circuit has defined an interpleader action as "when two or more persons claim the same thing (or fund) of a third, and he, laying no claim to it himself, is ignorant of which of them has the right to it, and reasonably believes he may be prejudiced by their proceeding against him to recover it..." *Associated Radio Serv. Co. v. Page Airways, Inc.,* 624 F.2d 1342, 1359 n. 27 (5th Cir.1980).[1] The third person initiates an interpleader action to litigate who has rights to the object or fund. *Id.* The funds in this action are the proceeds from the liquidation sale and the competing interest at issue in this motion is between the GDR's sales tax bill and the IRS's employer tax bill.

Traditionally, two principles govern the priority of competing tax liens: 1) "the first in time is the first in right"; and 2) federal tax liens are superior, subject to the choate doctrine which requires there to be no dispute of identity in order to give a nonfederal lien priority over a federal lien. *Atlantic States Const., Inc. v. Hand, Arendall, Bedsole, Greaves, and Johnston,* 892 F.2d 1530, 1534 (11th Cir.1990). *See Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). A lien becomes sufficiently choate when (1) the lienor is identified; (2) the property subject to the lien is identified; and, (3) the amount at issue is specified. *See United States v. City of New Britain,* 347 U.S. 81, 84, 74 S.Ct. 367, 98 L.Ed. 520 (1954); *see also United States v. Estate of Romani,* 523 U.S. 517, 118 S.Ct. 1478, 140 L.Ed.2d

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11 Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

710 (1998) (finding a lien choate when these three requirements are established).

 The Court must first determine the date the competing state and federal tax liens came into existence and became choate. Defendant GDR asserts that the state tax lien for back sales taxes was assessed on August 16, 2002. The state tax lien was also choate on this date as the lienor, property and amount at issue were established. Asserting that the state lien should have priority over all post-August 16, 2002 liens, Defendant GDR maintains that the date of the federal lien was assessed is not entirely clear. However,

> A federal tax lien ... attaches to a taxpayer's property when the tax is assessed and a demand for payment of this debt made. Such lien is perfected when notice of the lien is filed in accordance with the relevant state law or with the clerk of the United States district court where the property subject to lien is situated. A perfected tax lien is prior to any other security interest which is not choate at the time that notice of the tax lien is filed.

*Capuano v. United States,* 955 F.2d 1427, 1432 (11th Cir.1992). Accordingly, all of the federal taxes at issue, except the December 2002 taxes, were assessed prior to August 2002, and of the assessed taxes all but the March 2002 taxes were filed prior to August 2002. Therefore, by their own admission the GDR has shown that the federal tax liens were "first in time" and the Court has no choice but to deny the GDR's claim for "first in right" to the proceeds of the liquidation sale. Furthermore, the federal tax lien is superior to the state tax lien and there is no question as to the priority of these choate liens.

## IV. CONCLUSION

Because the federal tax lien is both first in priority and superior to the state tax lien, Defendant Georgia Department of Revenue's Motion for Summary Judgement is **DENIED**.